J-S18036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOAQUIN CASTRO | : | |
| | : | |
| Appellant | : | No. 1471 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 16, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000245-2017

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 28, 2019**

Appellant, Joaquin Castro, appeals from the judgment of sentence entered in the Court of Common Pleas of Lackawanna County on July 16, 2018, following his guilty plea to one count of Statutory Sexual Assault, 18 Pa.C.S.A. § 3122.1(a)(2).  Additionally, Appellant's counsel has filed a petition seeking to withdraw her representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** Brief").[1]

---

[1] **Anders** set forth the requirements for counsel to withdraw from representation on direct appeal, and our Supreme Court applied **Anders** in **Santiago**.

---

*   Former Justice specially assigned to the Superior Court.

After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court aptly set forth the relevant factual and procedural history herein as follows:

> Under docket number 17 CR 245, the Appellant was charged with one (1) count of Involuntary Deviate Sexual Intercourse With a Person Less Than Sixteen Years of Age in violation of 18 Pa. C.S.A. § 3123(a)(7), one (1) count of Statutory Sexual Assault in violation of 18 Pa. C.S.A. § 3122.1(a)(2), one (1) count of Sexual Assault in violation of 18 Pa. C.S.A. § 3124.1, and one (1) count of Incest of a Minor- Complainant 13-18 Years in violation of 18 Pa. § 4202(b)(2). These charges stemmed from a December 2, 2016 interview between the victim and the Children's Advocacy Center. **Gowarty, Affidavit of Probable Cause, December 27, 2016, at p. 1**. The Appellant forced the victim, who is his fifteen year old sister, to engage in vaginal and anal sex in her bedroom on various occasions. **Id**. The Appellant eventually admitted to these actions in a written statement. **Id**.
>
> On November 29, 2017, the Appellant entered a negotiated guilty plea under 17 CR 245 t one (1) count of Statutory Sexual Assault in violation of 18 Pa. C.S. § 3122.1(a)(2). Prior to entering the guilty plea, utilizing a certified Spanish interpreter, the Appellant executed a lengthy written, Spanish plea colloquy form in which he indicated awareness of the maximum penalty, the elements of the crime charged, his satisfaction with counsel, the terms of the plea agreement, and knowledge of the potential for deportation. **See Written Plea Colloquy, para. 5, 8, 13, 15, 16, and 20**. The Appellant's plea terms further acknowledged that the remaining charges would be nolle pressed. **Id. at para 13**. Specifically, in Paragraph 20 of the written guilty plea colloquy, the Appellant indicated awareness he was not a U.S. citizen and could be subject to deportation. **Id at para. 20, 20(a)**. Concomitantly, this Court conducted an oral inquiry to determine whether the Appellant was entering a knowing, voluntary, and intelligent plea. **See N.T. Guilty Plea, November 29, 2017, at p. 3-6**. The Appellant demonstrated knowledge of the constitutional rights he forfeited as well as the resultant penalties. **Id**. The Appellant admitted to the Commonwealth's allegations in that he forced his (fifteen) 15 year old sister to have sexual intercourse on various occasions. **Id**. **at 4-5**. After receiving all

affirmative responses from the Appellant, this [c]ourt accepted the guilty plea as valid. **Id. at 5-6**. Likewise, the Appellant executed a written Spanish Sexual Offenders Registration and Notification Act colloquy (hereinafter "SORNA"). The Appellant acknowledged that his guilty plea triggered a twenty-five (25) year registration period as well as the specific provisions included within that period. **See SORNA Colloquy** [2] Thereafter, this [c]ourt deferred sentence until completion of a Presentence Investigation Report (hereinafter "PSI") and an Assessment by the Pennsylvania Sex Offenders' Assessment Board. **Id. at 6**.

Upon review of the Appellant's PSI and sexual offender assessment, this [c]ourt sentenced the Appellant to twenty-five (25) to sixty (60) months of state confinement with two (2) years of state probation on July 16, 2018. Subsequently, on July 25,

_____

2 SORNA 42 Pa.C.S.A. §§ 9799.10-9799.41, was enacted on December 20, 2011, and became effective on December 20, 2012.  Effective February 21, 2018, the legislature enacted Act 10, which added a new subchapter to SORNA, "Continued Registration of Sexual Offenders." 42 Pa.C.S.A. §§ 9799.51-9799.75.  The stated purpose of Act 10 was, *inter alia*, to address **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017).  Act 29 of 2018 reenacted Act 10, effective June 12, 2018.

In **Muniz**, our Supreme Court held that the retroactive application of SORNA's registration provisions to defendants whose crimes occurred prior to SORNA's effective date (December 20, 2012) violated the *ex post facto* clause of the Pennsylvania Constitution.  In the case *sub judice*, Appellant committed his crimes in December of 2016, entered his plea in November of 2017, and was sentenced after the 2018 amendments to SORNA became effective; thus, there was no retroactive application of SORNA. **See Commonwealth v. Luciani**, 2018 WL 6729854 (Pa.Super. filed Dec. 24, 2018).  We conclude that Appellant properly was sentenced in accordance with the applicable SORNA tier-based registration period. **See Commonwealth v. Prieto**, 2019 WL 1234379 at *4 (Pa.Super. filed Mar. 18, 2019) quoting **Commonwealth v. Golson**, 189 A.3d 994, 1003 (Pa.Super. 2018) (directing "trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder").

2018, the Appellant filed a Motion for Reconsideration of Sentence, which this [c]ourt denied on August 3, 2018. Accordingly, the Appellant filed a Notice of Appeal to the Pennsylvania Superior Court on August 30, 2018. However, the Pennsylvania Superior Court directed the Appellant to show cause as to why his appeal should not be quashed as untimely. The Appellant filed a response on October 26, 2018, yet failed to present any legal argument justifying appellate jurisdiction, therefore, the appeal was quashed. Afterwards, the Appellant filed an application for reinstatement of the instant appeal. The Pennsylvania Superior Court vacated the November 14, 2018 order which quashed the appeal as untimely, and reinstated the above captioned appeal.

Trial Court Opinion, filed 1/11/19, at 1-3.

On September 5, 2018, the trial court entered its Order pursuant to Pa.R.A.P. 1925 directing Appellant to file a concise statement of matters complained of on appeal. On September 25, 2018, Appellant filed his "Motion for Extension of Time to File Concise Statement of Matters Complained of on Appeal," and the trial court granted the same on October 5, 2018. On October 23, 2018, Appellant filed his "Concise Statement," and the trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a) on January 11, 2019.

In the **Anders** Brief, counsel presents the following Statement of Questions Involved:

A.      Whether the sentencing court erred when it believed that an aggravated sentence was necessary due to not only the age difference between Appellant and the victim, but also to the conduct to which he pled guilty, which factors are already elements of the statutory sexual assault offense.

B.      Whether the sentencing court erred when it imposed a probationary sentence in addition to a sentencing of incarceration

- 4 -

which, due to Appellant's ICE[3] detainer he would potentially have to serve the maximum of his sentence before he is placed into immigration custody, and which amounts to a harsh and unreasonable sentence amounting to cruel and unusual punishment.

*Anders* Brief at 4 (unnecessary capitalization omitted).

As this Court recently reiterated, prior to addressing any issue raised on appeal, first must resolve counsel's petition to withdraw. *Commonwealth v. Prieto*, 2019 WL 1234379 at *2 (Pa.Super. filed Mar. 18, 2019) quoting *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). We further stated:

> There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:
> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.
>
> *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case

---

[3] "ICE" refers to the United States Department of Immigration and Customs Enforcement.

> law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

*Prieto*, at *2-3.

Herein, counsel contemporaneously filed her petition to withdraw as counsel and *Anders* Brief. In her petition, counsel states that after a thorough and conscientious examination of the record, she has determined that an appeal herein lacks merit. *See* Application to Withdraw as Counsel, filed 2/28/19, at ¶7. Additionally, in accordance with *Nischan*, *supra*, counsel has mailed Appellant a copy of the *Anders* Brief and a letter informing him that: (1) she believes any appeal herein would be frivolous; (2) Appellant has the right to retain new counsel; (3) Appellant may proceed further with his case *pro se;* and (4) Appellant may raise any points that he deems worthy of the this Court's attention. Counsel attached her conforming correspondence to her petition to withdraw. *See Commonwealth v. Millisock*, 873 A.2d 748 (Pa.Super. 2005). Counsel also has complied with the requirements set forth in *Santiago*, *supra*, and both the *Anders* Brief and the petition to withdraw as counsel contain proof of service on Appellant.

In the *Anders* Brief, counsel provides a summary of the facts and procedural history of the case, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, and states her reasoning and conclusion that the appeal is wholly frivolous. Accordingly, counsel substantially has complied with all of the technical requirements of *Anders* and *Santiago*. Therefore, we proceed to examine the issues counsel identified in the *Anders* Brief and to conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted). *See also Prieto, supra*.

"Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011) (citation omitted). Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed. *See Commonwealth v. Eisenberg*, 626 Pa. 512, 527, 98 A.3d 1268, 1276 (2014) (holding that the proper entry of a guilty plea acts to extinguish virtually all legal challenges that could have been brought upon the trial or appeal of the case). The trial court's jurisdiction never has been in question herein, and Appellant has not challenged the voluntariness of his plea. In addition, in his "Statement Pursuant to Pa.R.A.2119(f)," Appellant indicates

that his claims presented on appeal pertain to the discretionary aspects of the sentence, not its legality. *See Anders* Brief at 9.[4]

Appellant pled guilty to one count of statutory sexual assault; however, despite the trial court's referring to the plea as a negotiated one, there were no specific penalties outlined in the plea agreement. Where there have been no sentencing restrictions in a plea agreement, an "open plea," the entry of a guilty plea will not preclude a challenge to the discretionary aspects of sentencing. *Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa.Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995). The record in this case reveals that Appellant entered into an open guilty plea. Accordingly, because of his open plea of guilty, Appellant is permitted to challenge the discretionary aspects of his sentence.

It is well-settled that one's right to appeal a discretionary aspect of his or her sentence is not absolute. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, *Jr.*, 932 A.2d 155, 163 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence
> must invoke this Court's jurisdiction by satisfying a four-part test:

---

[4] For the reasons stated *infra*, Appellant's second issue presents a challenge to the legality of his sentence.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa.Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Herein, Appellant satisfied the first three requirements of the four-part **Moury** test. He filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief.[5] Thus, we next must determine whether Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825,

_____

[5] Pa.R.A.P. 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

828 (Pa.Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009), *cert. denied*, 556 U.S. 1264 (2009).

Upon our review, we find Appellant has a raised a substantial question with respect to his discretionary aspects of sentence claim. *See Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa.Super. 2006) (concluding appellant raised substantial question where he argued "that the trial court improperly based [appellant's] aggravated range sentence on a factor that constituted an element of the offense"); *Commonwealth v. Robinson*, 931 A.2d 15, 27 (Pa.Super. 2007) (a claim that the trial court impermissibly double-counted factors already incorporated in the sentencing guidelines raises a substantial question); *Commonwealth v. McNabb*, 819 A.2d 54, 56–57 (Pa.Super. 2003) (a claim that the trial court relied on impermissible factors raises a substantial question). Accordingly, we will address the merits of Appellant's first claim, and in doing so we are mindful of the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court

will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa.Super. 2012) (quoting ***Commonwealth v. Cunningham***, 805 A.2d 566, 575 (Pa.Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

Initially, we address Appellant's argument that the trial court imposed a sentence in the aggravated range due to factors that also were elements of the statutory sexual assault offense. Specifically, Appellant asserts the trial court relied upon the difference in age between his victim and him which was a material element of the charged offense already taken into consideration under the Sentencing Guidelines. ***Anders*** Brief at 4, 7, 11-13.

Generally, "[i]t is impermissible for a court to consider factors already included within the sentencing guidelines as the *sole* reason for increasing or decreasing a sentence to the aggravated or mitigating range." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa.Super. 2006) (emphasis in original). However, "[t]rial courts are permitted to use factors "already included in the guidelines if, they are used to supplement other extraneous sentencing information." ***Id.*** When deciding whether a court improperly has based an aggravated sentence on a factor that is already considered by the sentencing guidelines, we have stated:

> [t]he guidelines were implemented to create greater consistency and rationality in sentencing. The guidelines accomplish the above purposes by providing a norm for comparison, *i.e.*, the standard range of punishment, for the panoply of crimes found in the crimes

code and by providing a scale of progressively greater punishment as the gravity of the offense increases. ... The provision of a "norm" also strongly implies that deviation from the norm should be correlated with facts about the crime that also deviate from the norm for the offense, or facts relating to the offender's character or criminal history that deviates from the norm and must be regarded as not within the guidelines contemplation. Given this predicate, simply indicating that an offense is a serious, heinous or grave offense misplaces the proper focus. The focus should not be upon the seriousness, heinousness or egregiousness of the offense generally speaking, but, rather, upon how the present case deviates from what might be regarded as a "typical" or "normal" case of the offense under consideration.

*Fullin*, 892 A.2d at 848 (citation omitted). Moreover, "[a]n aggravated range sentence [is] justified to the extent that the individual circumstances of [the defendant's] case are atypical of the crime for which [the defendant] was convicted, such that a more severe punishment is appropriate." *Id*. The *Fullin* Court affirmed an aggravated range sentence because the trial court justified the sentence by opining on the extreme indifference for the consequences of the defendant's actions and on the extreme nature of the harm to the victim. *Id.* at 849.

In the matter *sub judice*, the trial court presided over the guilty plea hearing and had the benefit of a PSI report prior to sentencing. "Where a PSI exists, we presume that the trial court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A PSI constitutes the record and speaks for itself." *Commonwealth v. Bonner*, 135 A.3d 592, 605 (Pa.Super. 2016)

(original brackets and citation omitted). The trial court also was aware of the sentencing guidelines. *See* Trial Court Opinion, N.T., 7/16/18, at 5.

Regardless of whether this case is typical or atypical, and even if the trial court impermissibly considered the age difference between Appellant and the victim when fashioning its sentence, prior to imposing its aggravated-range sentence, the court indicated on the record it has considered additional, permissible reasons for its doing so. The trial court explained it was sentencing Appellant in the aggravated range based upon his lack of acceptance of responsibility for his actions as was reflected in the PSI, his prior commission of two protection from abuse violations, and the fact that the victim was his sister. *Id*. at 4-5. In addition, as the trial court further explained in its Rule 1925(a) Opinion:

> [T]his [c]ourt did meaningfully consider the section 9721(b) factors, as well as all mitigating factors, and did offer specific reasons for an aggravated sentence. Specifically, this [c]ourt referenced, the Appellant's lack of acceptance during the pre-sentence investigation as well as the age difference between the Appellant and the victim, including the familial half-blood relationship and position of trust. . . .
> Prior to sentencing, this [c]ourt thoroughly reviewed the pre-sentence investigation report (PSI) and became aware of the Appellant's relevant personal background, including his birthplace in El Salvador and relocation to Pennsylvania in 2005. Also, this [c]ourt considered the particular circumstances of the Appellant's criminal history specifically that the Appellant committed two prior protection from abuse violations. **N.T. Sentencing July 16, 2018, at p. 4-5**. This [c]ourt also acknowledged that initially the Appellant denied the victim's allegations, yet later showed remorse at sentence. **Id. at 2-5**. . . .
> To suggest that this [c]ourt was presented with the pre-sentence investigation outlining all mitigating and aggravating factors as well as counsel's statements regarding deportation and

ignored this sentencing information is disingenuous and baseless. After review of these factual matters, this [c]ourt concluded that it needed to protect society from the Appellant and imposed an individualized sentence adequately accounting for the Appellant's history. The sentence imposed was reasonable and consistent with the protection of the public, gravity of the offense, as well as the Appellant's rehabilitative needs. This [c]ourt observed that the Appellant did not appreciate the seriousness of his offenses nor did the Appellant assure this [c]ourt that future inappropriate behavior would cease. The Appellant's offenses involved multiple sexual acts including vaginal and anal intercourse with his half-sister. All of the above-cited factors highlights the Appellant's individual offense pattern and criminality.

Trial Court Opinion, filed 1/11/19, at 7-9. (emphasis in original; case citations and footnote omitted).

Given the trial court's use of other permissible factors, it did not abuse its discretion in considering the age difference between Appellant and his sister when fashioning his sentence. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 133 (Pa.Super. 2006) (finding that even if the trial court considered an inappropriate factor at sentencing, "the court offered significant other support for sentencing in excess of the guidelines in this case"), *appeal denied*, 906 A.2d 542 (Pa. 2006).

In his second issue, Appellant contends the trial court's imposition of a probationary tail in addition to his prison sentence constitutes cruel and unusual punishment in violation of the federal and Pennsylvania constitutions because he will likely have to serve the maximum of his sentence before he is

placed into immigration custody due to his ICE detainer.[6] This Court has held that "an appellant who challenges the constitutionality of his sentence of imprisonment on a claim that it violates his right to be free from cruel and unusual punishment raises a legality of sentencing claim since he is challenging the trial court's authority in imposing the sentence." *Commonwealth v. Yasipour*, 957 A.2d 734, 740 (Pa.Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 111(Pa. 2009). This Court has explained that a punishment is cruel and unusual if it is "wholly and irrationally disproportionate to the crime," or, in other words, "so greatly disproportionate to an offense as to offend evolving standards of decency or a balanced sense of justice." *Commonwealth v. Ehrsam*, 512 A.2d 1199, 1210 (Pa.Super. 1986), *appeal denied*, 527 A.2d 535 (Pa. 1987), *cert. denied*, 493 U.S. 932, (1989).

We hold the mere fact that a defendant has a detainer from ICE does not usurp the discretion of the trial court on sentencing issues.

_____

[6] Both the Eighth Amendment of the United States Constitution and Article 1, Section 13 of the Pennsylvania Constitution forbid the imposition of "cruel and unusual punishments." U.S. Const., amend. VIII; Pa. Const., Art. 1, Sec. 13. *See Commonwealth v. Spells*, 612 A.2d 458, 461 (Pa.Super. 1992) (the guarantee against cruel punishment in the state and federal constitutions is coextensive), *appeal dismissed as improvidently granted*, 537 Pa. 350,643 A.2d 1078 (Pa. 1994).

In pleading guilty to a single count of Statutory Sexual Assault, Appellant admitted that on December 2, 2016, he had engaged in sexual intercourse with his fifteen year old sister at which time he was between eight and eleven years older than the child.  N.T. Guilty Plea, 11/29/17, at 4-5. That crime constitutes a felony of the second degree, and Appellant was informed it carries a maximum sentence of ten years in prison.  **See** 18 Pa.C.S.A. §§ 3122(a), 1103(2); N.T. Guilty Plea, 11/29/17, at 5.  Appellant's actual sentence of twenty-five (25) months to sixty (60) months in prison to be followed by two (2) years of probation falls well below that maximum.  As such, we find the trial court's imposition of the sentence is not grossly disproportionate to his crime and, therefore, does not amount to cruel and unusual punishment.

Accordingly, we agree with counsel that the sentencing claims presented in the **Anders** brief are wholly frivolous. In light of the foregoing, and after conducting a full examination of all the proceedings, we discern no non-frivolous issues to be raised on appeal. **Yorgey**, **supra**, 188 A.3d at 1195. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2019